Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST FOR SOUTHERN NEVADA and THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST FOR SOUTHERN NEVADA<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN JORY, LLC, a Nevada limited liability company; JOHN JORY CORPORATION, a California corporation; JOHNSON & JORY PROPERTIES, LLC, a Delaware limited liability company<br><br>Defendants. | Case No. 2:23-cv-00782-MMD-BNW<br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs allege:

## JURISDICTION AND VENUE

1. The claim at issue in this Complaint presents a present, actual, and justiciable controversy arising under federal law.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal

25762429.2

1

question), and 29 U.S.C. § 1401(b)(1).

3. Venue is proper under 29 U.S.C. § 1451(d) because the Pension Trust is administered in Clark County, Nevada.

**PARTIES**

4. Plaintiffs are the Board of Trustees of the Construction Industry and Laborers Joint Pension Trust for Southern Nevada (the "Board of Trustees") and the Construction Industry and Laborers Joint Pension Trust for Southern Nevada (the "Pension Trust") (collectively referred to as "Plaintiffs").

5. The Board of Trustees is made up of fiduciaries of the Pension Trust for purposes of ERISA.

6. The Pension Trust is an "employee benefit pension plan" as defined in 29 U.S.C. § 1002(2); and a "multiemployer plan" as defined in 29 U.S.C. §§ 1002(37) and 1301(a)(3).

7. Defendant, John Jory, LLC ("John Jory") is a Nevada limited liability company and is an employer within the meaning of 29 U.S.C. § 1002(5).

8. Defendant, John Jory Corporation is a California corporation and is an employer within the meaning of 29 U.S.C. § 1002(5), pursuant to 29 U.S.C. § 1301(b)(1).

9. Defendant, Johnson & Jory Properties, LLC is a Delaware limited liability company and is an employer within the meaning of 29 U.S.C. § 1002(5), pursuant to 29 U.S.C. § 1301(b)(1).

**FACTUAL BACKGROUND**

10. John Jory was signatory to a collective bargaining agreement that required John Jory to make employee benefit contributions to the Pension Trust.

11. John Jory permanently ceased all covered operations under the plan and/or ceased to have an obligation to contribute under the plan. This constituted a "complete withdrawal" under 29 U.S.C. § 1383.

12. On December 5, 2022, the Pension Trust sent a withdrawal liability assessment and demand for payment to John Jory in the amount of $969,278, with the first quarterly payment of $19,907 due on January 4, 2023.

13. Since the withdrawal liability assessment was sent, John Jory failed to submit a request for review, as required by 29 U.S.C. § 1399(b)(2). John Jory also failed to timely initiate mandatory arbitration as required by 29 U.S.C. § 1401(a)(1). Therefore, John Jory is barred from contesting the withdrawal liability assessment. *See Bd. of Trustees of Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada v. Recreation Dev. Co., LLC*, No. 2:22-CV-00052-ART-DJA, 2023 WL 2226848, at *4 (D. Nev. Feb. 24, 2023) ("An employer that fails to initiate arbitration within the framework of the statute generally waives any objection to the withdrawal liability assessed by the plan.").

14. John Jory has failed to make any of its quarterly withdrawal liability payments to the Trust.

15. In response, on March 7, 2023, the Pension Trust sent John Jory a Notice of Default, in which it gave John Jory 60 days to cure the default, as required by law.

16. To date, John Jory has failed to cure the default and make quarterly payments to the Trust for its assessed withdrawal liability obligation.

## SOLE CAUSE OF ACTION

### (Judgment for Withdrawal Liability – All Defendants)

17. Plaintiffs hereby incorporate the allegations contained preceding paragraphs as though fully set forth herein.

18. This dispute is a case of actual controversy within this Court's jurisdiction.

19. The Pension Trust provided John Jory with a withdrawal liability assessment, and John Jory has failed to make the required payments. The Pension Trust gave John Jory a 60-day period to cure the default, but John Jory has failed to do so.

20. Federal law states that for the purposes of withdrawal liability, "all employees of trades or businesses (whether or not incorporated) which are under common control shall be

25762429.2                                              3

treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1).

21. On information and belief, Defendants John Jory, John Jory Corporation and Johnson & Jory Properties, LLC ("John Jory Controlled Group") are all under common control.

22. Due to John Jory's and its controlled group members' failure to make payments on the schedule set by the Pension Trust, Plaintiffs seek a judgment against the John Jory Controlled Group for the entire assessed withdrawal liability amount, as well as interest, liquidated damages, and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

1. A judgment against all Defendants, jointly and severally, in favor of the Pension Trust awarding the entire withdrawal liability owed by the John Jory Controlled Group, interest, liquidated damages, and attorney's fees; and

2. For such other and further relief as the Court deems proper.

Dated: July 26, 2023.                BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

Attorneys for Plaintiffs

25762429.2                                        4

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on July 26, 2023, I served a true copy of the foregoing **FIRST AMENDED COMPLAINT** upon:

| | |
|---|---|
| John Jory Corporation<br>c/o Kenneth A. Johnson, Resident Agent<br>2180 N. Glassell Street<br>Orange, CA 92865 | Johnson & Jory Properties, LLC<br>c/o Kenneth A. Johnson, Resident Agent<br>2180 N. Glassell Street<br>Orange, CA 92865 |

John Jory, LLC
c/o Incorp Service, Inc., Registered Agent
3773 Howard Hughes Parkway, Suite 500S
Las Vegas, Nevada 89169-6014

☒ a. **BY PERSONAL SERVICE**

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

25762429.2

5