Christopher M. Humes Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: chumes@bhfs.com
       wnobriga@bhfs.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST FOR SOUTHERN NEVADA and THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST FOR SOUTHERN NEVADA<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN JORY, LLC, a Nevada limited liability company, JOHN JORY CORPORATION, a California corporation; JOHNSON & JORY PROPERTIES, LLC, a Delaware limited liability company<br><br>Defendants. | CASE NO.: 2:23-cv-00782-MMD-BNW<br><br>**ORDER FOR DEFAULT JUDGMENT AGAINST JOHN JORY, LLC, JOHN JORY CORPORATION AND JOHNSON & JORY PROPERTIES, LLC** |

Before the Court is Plaintiffs', the Boards of Trustees of the Construction Industry Joint Pension Trust for Southern Nevada ("Board of Trustees") and the Construction Industry Joint Pension Trust for Southern Nevada (the "Pension Trust") (collectively referred to as "Plaintiffs") Motion for Default Judgment (the "Motion") against John Jory, LLC, John Jory Corporation and Johnson & Jory Properties, LLC ("Defendants"). Default having been entered against Defendants, the Court having reviewed the Plaintiffs' Motion, being fully advised, and good cause appearing,

1

the Court now makes the following findings of facts and conclusions of law.

## I.  Findings of Fact.

1. The Board of Trustees is made up of fiduciaries for the purposes of the Employee Retirement Income Security Act of 1974 ("ERISA").

2. The Pension Trust is an "employee benefit pension plan" as defined in 29 U.S.C. § 1002(2); and a "multiemployer plan" as defined in 29 U.S.C. §§ 1002(37) and 1301(a)(3).

3. Defendant, John Jory, LLC ("John Jory") is a Nevada limited liability company and is an employer within the meaning of 29 U.S.C. § 1002(5).

4. Defendant, John Jory Corporation is a California corporation and is an employer within the meaning of 29 U.S.C. § 1002(5), pursuant to 29 U.S.C. § 1301(b)(1).

5. Defendant, Johnson & Jory Properties, LLC is a Delaware limited liability company and is an employer within the meaning of 29 U.S.C. § 1002(5), pursuant to 29 U.S.C. § 1301(b)(1).

6. John Jory was signatory to a collective bargaining agreement that required John Jory to make employee benefit contributions to the Pension Trust.

7. John Jory permanently ceased all covered operations under the plan and/or ceased to have an obligation to contribute under the plan. This constituted a "complete withdrawal" under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA").

8. On December 5, 2022, the Pension Trust sent a withdrawal liability assessment and demand for payment to John Jory in the amount of $969,278, with the first quarterly payment of $22,017 due on January 4, 2023.

9. Since the withdrawal liability assessment was sent, John Jory failed to submit a request for review, as required by 29 U.S.C. § 1399(b)(2). John Jory also failed to timely initiate mandatory arbitration as required by 29 U.S.C. § 1401(a)(1). Therefore, John Jory is barred from contesting the withdrawal liability assessment.

10. John Jory has failed to make any of its quarterly withdrawal liability payments to the Trust.

11. In response, on March 7, 2023, the Pension Trust sent John Jory a Notice of

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Default, in which it gave John Jory 60 days to cure the default, as required by law.

12. To date, John Jory has failed to cure the default and make quarterly payments to the Trust for its assessed withdrawal liability obligation.

13. The Pension Trust provided John Jory with a withdrawal liability assessment, and John Jory has failed to make the required payments. The Pension Trust gave John Jory a 60-day period to cure the default, but John Jory has failed to do so.

14. Federal law states that for the purposes of withdrawal liability, "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1).

15. Defendants John Jory, John Jory Corporation, and Johnson & Jory Properties, LLC are all under common control (the "John Jory Controlled Group").

16. Due to John Jory's and its controlled group members' failure to make payments on the schedule set by the Pension Trust, Plaintiffs seek a judgment against the John Jory Controlled Group for the entire assessed withdrawal liability amount, as well as interest, liquidated damages, and attorney's fees.

17. Any finding of fact more appropriately designated as a conclusion of law will be treated as such. Any conclusion of law more appropriately designated as a finding of fact will be treated as such.

## II. Conclusions of Law.

1. Federal Rule of Civil Procedure 8(b)(6) provides that where a party fails to appear or otherwise defend against an allegation the "allegation—other than one relating to the amount of damages—is admitted . . . ."

2. In turn, Rule 55(b)(2) provides that the Court may enter a default judgment against any party that has failed to plead or otherwise defend against a claim. Fed. R. Civ. P. 55(b)(2).

3. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12

3

(1944)).

4.     Defendants failed to file an Answer and were defaulted. As a result, the facts alleged in the Complaint are deemed admitted

5.     Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. Courts may, in their discretion, enter a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

6.     As to the first *Eitel* factor, the Plaintiffs will suffer prejudice if default is not entered because they "'will likely be without other recourse for recovery' if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nevada Dec. 7, 2016) (quoting *Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nevada July 8, 2013)).

7.     Defendants have failed to respond to the withdrawal liability assessment via any of the avenues allowed by federal statute and regulation. Defendants have not requested a review of the withdrawal liability assessment. They did not initiate mandatory arbitration to contest the withdrawal liability assessment and Defendants have failed to plead in this action, which seeks to reduce their indisputably owed withdrawal liability to judgment. Defendants have been wholly unresponsive. Without entering default judgment, Plaintiffs will have no recourse against Defendants. Therefore, the first *Eitel* factor favors the entry of default judgment.

4

8. The second and third *Eitel* factors address the merits and sufficiency of a Plaintiffs' claims alleged in their Complaint. *Eitel*, 782 F.2d at 1471-72. Plaintiffs' withdrawal liability claim has merit. "ERISA and the MPPAA impose withdrawal liability on an employer that withdraws from a plan under certain circumstances." *Bd. of Trustees of Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada v. Recreation Dev. Co., LLC*, No. 2:22-CV-00052ART-DJA, 2023 WL 2226848, at *3 (D. Nev. Feb. 24, 2023) (citing 29 U.S.C. §§ 1381–453; *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 196 (1997)). One such circumstance is when an "employer 'permanently ceases to have an obligation to contribute under the plan' or 'permanently ceases all covered operations under the plan.'" *Id.*

9. Once an employer withdraws from a pension plan, the pension plan must assess the withdrawal liability that the employer incurred. There is a general framework that the employer must follow to challenge such a withdrawal liability assessment. *See id.* at *4-5.

10. First, an employer must request review of the withdrawal liability assessment within 90 days. *See id.* at *4 (citing 29 U.S.C. § 1399(b)(2)). If an employer does not request review, all substantive arguments against the withdrawal liability assessment are waived. *Sheet Metal Workers of N. California Pension Tr. Fund v. Shillingsburg Ventures*, No. 20-CV-01334-JCS, 2020 WL 13094012, at *7 (N.D. Cal. Dec. 18, 2020), *report and recommendation adopted*, No. 20-CV-01334-JST, 2021 WL 7448558 (N.D. Cal. Jan. 7, 2021) ("Rebarber's failure to submit a timely request for review waived its right to initiate arbitration under the MPAA, and thus waived its right to dispute the withdrawal liability assessed.").

11. Second, if an employer requests review, and the Pension Trust does not rescind its withdrawal liability assessment, then the employer must challenge the assessment through mandatory arbitration. *See* 29 U.S.C. § 1401(a). The employer must initiate arbitration within the earlier of 60 days from the date that the Trust Fund responds to the request for review, or 180 days from the date that the employer sends its request for review. *Bd. of Trustees of Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada., LLC*, 2023 WL 2226848, at *4. If the employer fails to timely initiate arbitration, then the employer "waives any objection to the withdrawal liability assessed by the plan." *Id.* (collecting cases).

5

12. On January 5, 2023, the Pension Trust sent a demand of withdrawal liability to John Jory and outlined a quarterly payment schedule.

13. John Jory did not request review, nor did it initiate arbitration. As a result, the entire withdrawal liability assessment is due and owing to Plaintiffs. Any argument to the contrary has been waived.

14. Defendants are all members of a control group, so while John Jory was the only entity that received a withdrawal liability notice, notice to John Jory constitutes notice to all members of the control group. *See, e.g., Teamsters Pension Tr. Fund-Bd. of Trustees of W. Conf. v. Allyn Transp. Co.*, 832 F.2d 502, 506 (9th Cir. 1987) (holding that notice of a withdrawal liability assessment to one member of a control group is notice to all of the members of the control group); *Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Cent. Transp., Inc.*, 888 F.2d 1161, 1163 (7th Cir. 1989) (same); *UNITE HERE Ret. Fund v. Edward Vill. Grp., LLC*, No. 21-CV-2141 (LJL), 2021 WL 5414972, at *4 (S.D.N.Y. Nov. 16, 2021) ("A plan cannot collect withdrawal liability unless it provides this notice, but it need only provide notice to one member of a control group, because constructive notice is then imputed to the other members of a control group.").

15. Thus, by nature of Defendants' control group status, notice to John Jory constitutes notice to all of the control group members, and failure of Defendants to request review and initiate arbitration waived any arguments against the withdrawal liability assessment.

16. Accordingly, these *Eitel* factors also weigh in favor of granting summary judgment. Plaintiffs' claims are all meritorious and are adequately pleaded in their Complaint.

17. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on the Pension Trust's governing documents and calculations performed above. In addition, the amount of damages in this case are largely dictated by statute. Because Defendants did not pay the quarterly installments assessed by the Pension Trust, and because Defendants did not cure that nonpayment within 60 days, the Pension Trust "has the option to accelerate and collect the entire debt. . . ." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund*, 522 U.S. at 208. Under 29 U.S.C. § 1451(b), the failure to make the

required payments requires this Court to treat the action as one to recover unpaid benefit contributions. In cases to recover unpaid contributions, courts must award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). These damages are easily calculated by simple mathematical formulas and are not open to much substantive dispute or debate. This factor also favors the entry of default judgment.

18. Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because Defendants has had a default entered against them, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d at 560. Nor could the facts be subject to dispute. It is indisputable that Defendants did not request review or initiate arbitration, and therefore all substantive arguments are waived. Moreover, the damages amount that arise out of Plaintiffs' withdrawal liability demands are clear and definite. Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

19. The sixth *Eitel* factor demonstrates that excusable neglect is not a factor in this case. All Defendants in this action were timely served. The Complaint was first filed on May 18, 2023 and the summons was issued as to John Jory that same day. (ECF No. 1); (ECF No. 4). John Jory was served on June 5, 2023. The other Defendants were added as parties by way of the First Amended Complaint, which was filed on July 26, 2023. (ECF No. 8). Summons were issued as to the two other Defendants on July 27, 2023. (ECF No. 10). They were served on July 31, 2023. (ECF No. 11). All Defendants were defaulted on October 4, 2023. (ECF No. 15). In that time, none of the Defendants have responded to the Complaint. There is no evidence that Defendants' default was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

20. The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002)). "Thus, 'the

7

preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)). Therefore, this factor also weighs in favor of the entry of a default judgment.

21. The damages are dictated by 29 U.S.C. § 1132(g)(2), as Defendants defaulted on their withdrawal liability payments and failed to cure the default. *See* 29 U.S.C. § 1399(c)(5); 29 U.S.C. § 1451(b).

22. Under 29 U.S.C. § 1132(g)(2) the Court shall award: (1) the unpaid contributions (§ 1132(g)(2)(A)), (2) interest on the unpaid contributions at the rate provided by the plaintiff's plan documents (§ 1132(g)(2)(B) and the unnumbered last paragraph of § 1132(g)), (3) liquidated damages not in excess of 20% or the interest amount, whichever is higher (§ 1132(g)(2)(C)(ii)), (4) reasonable attorney fees and costs of the action (§ 1132(g)(2)(D)), and (5) such other legal or equitable relief as the court determines (§ 1132(g)(2)(E)).

**IT IS HEREBY ORDERED** that judgment is entered against John Jory, John Jory Corporation and Johnson & Jory Properties, LLC, jointly and severally, for withdrawal liability ($969,278), liquidated damages ($193,855), interest (through April, 22, 2024) ($131,059), and attorney's fees and costs ($7,034) for a total of $1,301,226.

DATED THIS 22nd Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq. Nevada Bar No. 1493
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614